```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

Byron Martin,                    :
        Plaintiff,               :
                                 :
   v.                            :     File No. 1:07-CV-8
                                 :
Soft Sheen-Carson, LLC,          :
        Defendant.               :
```

ORDER
(Paper 1)

Plaintiff Byron Martin, a Vermont inmate proceeding *pro se*, seeks to file a diversity action for injuries allegedly suffered as a result of using the defendant's hair removal product.[1] Martin has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and has submitted an affidavit that makes the showing required by § 1915(a). Accordingly, the request to proceed *in forma pauperis* (Paper 1) is GRANTED.

---

[1] The Court questions whether Martin's claim of damages reaches the level required for jurisdiction under 28 U.S.C. § 1332. However, the Second Circuit has held that "when a plaintiff is seeking unliquidated damages in a tort action, a district court should permit the case to proceed and not predetermine whether the plaintiff could recover the minimum statutory amount." Tongkook America, Inc. v. Shipton Sportswear Co., 14 F.3d 781, 785 (2d Cir. 1994)(citing Deutsch v. Hewes Street Realty Corp., 359 F.2d 96, 99-100 (2d Cir.1966)); see also Zacharia v. Harbor Island Spa, Inc., 684 F.2d 199, 202 (2d Cir. 1982) ("[E]ven where the allegations leave grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted."). The Court will, therefore, decline to dismiss the case for lack of subject matter jurisdiction at this time.

Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee for this action. Because the plaintiff has virtually no funds, the initial filing fee is waived. Hereafter, the plaintiff is obligated to make monthly payments in the amount of twenty percent of the preceding month's income credited to his prison trust account. By separate order, these payments shall be collected by the Vermont Department of Corrections, or its designee, each time the amount in the plaintiff's trust account exceeds $10.00, and forwarded to the Clerk of the Court until the full amount is collected or the plaintiff is released, whichever occurs first. 28 U.S.C. § 1915(b)(2).

If the allegations in the complaint are substantiated, the plaintiff may have an opportunity to prevail on the merits of this action. The following paragraphs are intended to assist the *pro se* litigant by identifying for him certain requirements of this Court. Failure to comply with these requirements may result in the dismissal of the complaint.

Because the plaintiff is not represented by a lawyer, he is reminded that the Federal Rules of Civil Procedure require him to mail to the lawyer for the defendant a true copy of <u>anything</u> he sends to the court. Failure to do so may result in dismissal of this case or other penalties. Anything filed with the court should specifically state that it has been sent

to the lawyer for the defendant.  The plaintiff should keep a true copy of everything he sends to the defendant or the Court.

Each party shall keep the Court apprised of a current address at all times while the action is pending.  Notice of any change of address must be filed promptly with the Court and served on other parties.

As this case proceeds, it is possible that the defendant may file a motion for summary judgment.  The Second Circuit requires that a *pro se* litigant be provided notice "of the nature and consequences of a summary judgment motion."  <u>Vital v. Interfaith Med. Ctr.</u>, 168 F.3d 615, 621 (2d Cir. 1999); <u>see also</u> <u>Sellers v. M.C. Floor Crafter</u>, 842 F.2d 639 (2d Cir. 1988).  A motion for summary judgment made by the defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure is a request for a judgment in its favor without a trial.  This motion will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment as a matter of law.  All assertions of material fact in the defendant's motion will be taken as true by the Court unless contradicted by the plaintiff.  <u>See</u> <u>McPherson v. Coombe</u>, 174 F.3d 276, 281 (2d Cir. 1999).  In short, failure to contradict those factual assertions may

result in the entry of summary judgment against the plaintiff which, of course, would end the case.

To contradict or oppose the defendant's motion for summary judgment, the plaintiff must show proof of his claims. The plaintiff may do this in one or more of the following ways. Most typically, the plaintiff may file and serve one or more affidavits or declarations setting forth the facts that would be admissible in evidence that he believes prove his claims or counter the defendant's assertions. The person who signs each affidavit must have personal knowledge of the facts stated within the affidavit.

Alternatively, the plaintiff may rely on statements made under penalty of perjury in the complaint if the complaint shows that the plaintiff has personal knowledge of the matters stated, and if the plaintiff calls to the Court's attention those parts of the complaint upon which he relies to oppose the defendant's motions. The plaintiff may also rely upon written records, but must prove that the records are what they claim they are. Finally, the plaintiff may rely on all or any part of deposition transcripts, answers to interrogatories, or admissions obtained in this proceeding. See Fed. R. Civ. P. 56(e).[2]  If there is some good reason why the necessary facts

---

[2] Rule 56(e) of the Federal Rules of Civil Procedure states:
 (e) Form of Affidavits;  Further Testimony;  Defense

are not available to the plaintiff at the time required to oppose a summary judgment motion, the Court will consider a request to delay consideration of the defendant's motion.

The plaintiff should always file a response to a motion by the defendant.  In particular, in the event the defendant files a motion for summary judgment as discussed above, or moves to dismiss the complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure, the plaintiff's failure to respond may result in the dismissal of the case.

In accordance with the above, it is hereby ORDERED that:

1. The plaintiff's request for leave to proceed *in forma pauperis* (Paper 1) is GRANTED.  The plaintiff may file, and the Clerk of the Court shall accept, the plaintiff's complaint without prepayment of the required fees, and the plaintiff

---

> Required.  Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

shall not be required to pay the fees for service of the complaint.  Service of process shall be effected by the U.S. Marshal Service.  <u>See</u> Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).

    2.  The plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this Court's order, filed concurrently herewith.

    Dated at Brattleboro, in the District of Vermont, this 23rd day of January, 2007.

<u>/s/ J. Garvan Murtha</u><br>
J. Garvan Murtha<br>
United States District Judge